**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DISTRICT OF COLUMBIA**

| | |
|---|---|
| SEAFREEZE SHORESIDE, INC., LONG ISLAND COMMERCIAL FISHING ASSOC., INC., XIII NORTHEAST FISHERY SECTOR, INC., HERITAGE FISHERIES, INC., NAT. W. INC., AND OLD SQUAW FISHERIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, DEBRA HAALAND, in her official capacity as Secretary of the Interior, BUREAU OF OCEAN ENERGY MANAGEMENT, AMANDA LEFTON, in her official capacity as the Director of the Bureau of Ocean Energy Management, LAURA DANIEL-DAVIS, in her official capacity as Principal Deputy Assistant Secretary, Land and Minerals Management, Department of Interior, UNITED STATES DEPARTMENT OF COMMERCE, GINA M. RAIMONDO, in her official capacity as Secretary of Commerce, NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION/NATIONAL MARINE FISHERIES SERVICE, CATHERINE MARZIN, in her official capacity as Deputy Director of NOAA Fisheries and Acting Director of National Marine Fisheries Service Office of Protected Resources, UNITED STATES DEPARTMENT OF DEFENSE, LLOYD J. AUSTIN, in his official capacity as Secretary of Defense, UNITED STATES ARMY CORPS OF ENGINEERS, LT. GEN. SCOTT A. SPELLMON, in his official capacity as Commander and Chief of Engineers of the United States Army Corps of Engineers, and COL. JOHN A. ATILANO II, in his official capacity as District Engineer of the New England District of the United States Army Corps of Engineers, <br><br> Defendants. | Civil Action No. 1:21-cv-03276-CRC <br><br><br> Hon. Christopher R. Cooper |

**PROPOSED ANSWER BY VINEYARD WIND 1 LLC**

1

Vineyard Wind 1 LLC ("Vineyard Wind") hereby answers the Complaint filed by Seafreeze Shoreside, Inc.; Long Island Commercial Fishing Assoc., Inc.; XIII Northeast Fishery Sector, Inc.; Heritage Fisheries, Inc.; Nat. W. Inc.; and Old Squaw Fisheries, Inc. ("Plaintiffs"). Vineyard Wind provides its responses in the numbered paragraphs below, which correspond to the numbered paragraphs in the Complaint. In the responses below, Vineyard Wind replicates the headings from Plaintiffs' Complaint. Vineyard Wind's duplication of these headings does not constitute an admission or response regarding any allegation contained in the headings.

## I.    INTRODUCTION

1.    The allegations in this paragraph constitute Plaintiffs' characterization of their complaint to which no response is required. To the extent a response is necessary, Vineyard Wind denies the allegations.

2.    Vineyard Wind denies the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute Plaintiffs' characterization of their complaint to which no response is required. To the extent a response is necessary, Vineyard Wind denies the allegations in the second sentence.

3.    Vineyard Wind is without knowledge or information sufficient to admit or deny the allegations in the first and second sentences of this paragraph. The allegations in the third sentence of this paragraph purport to characterize the Record of Decision for the Vineyard Wind Project ("ROD"), which speaks for itself and is the best evidence of its content. Vineyard Wind denies the allegations in the fourth sentence of this paragraph.

4.    Vineyard Wind denies the allegations in this paragraph.

5.    Vineyard Wind denies the allegations in the first and second sentences of this paragraph. The allegations in the third sentence constitute Plaintiffs' claim for relief to which no

response is required. To the extent a response is necessary, Vineyard Wind denies Plaintiffs are entitled to any relief.

## II. PARTIES

### A. Plaintiffs

6.      Vineyard Wind is without knowledge or information sufficient to admit or deny the allegations in the first through seventh sentences of this paragraph. Vineyard Wind denies the allegations in the eighth sentence of this paragraph.

7.      Vineyard Wind is without knowledge or information sufficient to admit or deny the allegations in the first, second, and third sentences of this paragraph. Vineyard Wind denies the allegations in the fourth sentence of this paragraph.

8.      Vineyard Wind is without knowledge or information sufficient to admit or deny the allegations in the first and second sentences of this paragraph. Vineyard Wind denies the allegations in the third sentence of this paragraph.

9.      Vineyard Wind is without knowledge or information sufficient to admit or deny the allegations in the first, second, and third sentences of this paragraph. Vineyard Wind denies the allegations in the fourth and fifth sentences of this paragraph.

10.      Vineyard Wind is without knowledge or information sufficient to admit or deny the allegations in the first and second sentences of this paragraph. Vineyard Wind denies the allegations in the third and fourth sentences of this paragraph.

11.      Vineyard Wind is without knowledge or information sufficient to admit or deny the allegations in the first, second, and third sentences of this paragraph. Vineyard Wind denies the allegations in the fourth and fifth sentences of this paragraph.

**B. Defendants**

12.    Vineyard Wind admits the allegations in this paragraph.

13.    Vineyard Wind admits the allegations in this paragraph.

14.    Vineyard Wind admits the allegations in this paragraph.

15.    Vineyard Wind admits the allegations in this paragraph.

16.    Vineyard Wind admits the allegations in this paragraph.

17.    Vineyard Wind admits the allegations in this paragraph.

18.    Vineyard Wind admits the allegations in this paragraph.

19.    Vineyard Wind admits the allegations in this paragraph.

20.    Vineyard Wind admits the allegations in this paragraph.

21.    Vineyard Wind admits the allegations in this paragraph.

22.    Vineyard Wind admits the allegations in this paragraph.

23.    Vineyard Wind admits the allegations in this paragraph.

24.    Vineyard Wind admits the allegations in this paragraph.

25.    Vineyard Wind admits the allegations in this paragraph.

### III. JURISDICTION AND VENUE

26.    The allegations in this paragraph constitute Plaintiffs' characterization of their complaint to which no response is required.

27.    The allegations in this paragraph constitute legal conclusions to which no response is required. Vineyard Wind denies that the Court has jurisdiction over this matter.

28.    The allegations in the first and fourth sentences of this paragraph purport to characterize Plaintiffs' 60-day notice of intent ("NOI") to sue to NOAA/Fisheries and BOEM and mail receipts attached to the Complaint, which speak for themselves and are the best

evidence of their content. Vineyard Wind is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph. The allegations in the third sentence of this paragraph constitute a legal conclusion to which no response is required.

29.     The allegations in this paragraph constitute legal conclusions to which no response is required and purport to characterize 28 U.S.C. § 2201 (declaratory judgment); 28 U.S.C. § 2202 (injunctive relief); 5 U.S.C. §§ 701-706 (APA); 43 U.S.C. § 1349 (OCSLA citizen suit provision); 16 U.S.C. § 1540(g) (ESA citizen suit provision); and 33 U.S.C. § 1365(b) (CWA citizen suit provision), which speak for themselves and are the best evidence of their content.

30.     The allegations in this paragraph constitute legal conclusions to which no response is required. Vineyard Wind denies that Plaintiffs have established jurisdiction in this Court.

31.     Vineyard Wind admits the allegations in this paragraph.

32.     Vineyard Wind denies the allegations in this paragraph.

33.     The allegations in this paragraph constitute legal conclusions to which no response is required.

34.     The allegations in this paragraph constitute legal conclusions to which no response is required. Vineyard Wind denies that Plaintiffs have standing.

## IV. LEGAL BACKGROUND

### A.  Outer Continental Shelf Lands Act and Implementing Regulations

35.     The allegations in this paragraph purport to characterize the Outer Continental Shelf Lands Act ("OCSLA"), which speaks for itself and is the best evidence of its content.

36.     The allegations in this paragraph purport to characterize the OCSLA, which speaks for itself and is the best evidence of its content.

37.     The allegations in this paragraph purport to characterize the Smart from the Start policy and BOEM's OCSLA regulations, which speak for themselves and are the best evidence of their content.

### B.  Endangered Species Act and Implementing Regulations

38.     The allegations in this paragraph purport to characterize the Endangered Species Act ("ESA"), which speaks for itself and is the best evidence of its content.

39.     The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.

40.     The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.

41.     The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.

### C.  Clean Water Act and Implementing Regulations

42.     The allegations in this paragraph purport to characterize the Clean Water Act ("CWA"), which speaks for itself and is the best evidence of its content.

43.     The allegations in this paragraph purport to characterize the CWA and statutory guidelines, which speak for themselves and are the best evidence of their content.

44.     The allegations in this paragraph purport to characterize CWA regulations, which speak for themselves and are the best evidence of their content.

**D.  Marine Mammal Protection Act and Implementing Regulations**

45.    The allegations in this paragraph purport to characterize the Marine Mammal

Protection Act ("MMPA") and a federal court decision interpreting the MMPA, which speak for

themselves and are the best evidence of their content.

**E.  National Environmental Policy Act and Implementing Regulations**

46.    The allegations in this paragraph purport to characterize the National

Environmental Policy Act ("NEPA"), implementing regulations, and a Supreme Court decision

interpreting NEPA, which speak for themselves and are the best evidence of their content.

47.    The allegations in this paragraph purport to characterize NEPA and its

implementing regulations, which speak for themselves and are the best evidence of their content.

48.    The allegations in this paragraph purport to characterize NEPA regulations, which

speak for themselves and are the best evidence of their content.

49.    The allegations in this paragraph purport to characterize NEPA regulations, which

speak for themselves and are the best evidence of their content.

50.    The allegations in this paragraph purport to characterize NEPA regulations and a

decision from the D.C. Circuit, which speak for themselves and are the best evidence of their

content.

51.    The allegations in this paragraph purport to characterize NEPA regulations, which

speak for themselves and are the best evidence of their content.

**F.  Administrative Procedure Act**

52.    The allegations in this paragraph purport to characterize the Administrative

Procedure Act ("APA), which speaks for itself and is the best evidence of its content.

## V.  FACTUAL ALLEGATIONS

### BOEM Promulgates the "Smart From The Start" Program

53.     The allegations in this paragraph purport to characterize the Smart From The Start program, which speaks for itself and is the best evidence of its content.

54.     The allegations in this paragraph purport to characterize the Smart From The Start program, which speaks for itself and is the best evidence of its content.

55.     The allegations in this paragraph purport to characterize the Smart From The Start program and BOEM regulations, which speak for themselves and are the best evidence of their content.

### BOEM Implements the "Smart From The Start" Program

56.     The allegations in this paragraph purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

57.     The allegations in this paragraph purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

58.     The allegations in this paragraph purport to characterize a Site Assessment Plan, which speaks for itself and is the best evidence of its content.

59.     The allegations in this paragraph purport to characterize a Site Assessment Plan, which speaks for itself and is the best evidence of its content.

60.     The allegations in this paragraph purport to characterize a Site Assessment Plan, which speaks for itself and is the best evidence of its content.

61.     The allegations in this paragraph purport to characterize a Site Assessment Plan, which speaks for itself and is the best evidence of its content.

62.     The allegations in the first sentence of this paragraph purport to characterize a Site Assessment Plan, which speaks for itself and is the best evidence of its content. The allegations in the second sentence of this paragraph are vague and Vineyard Wind denies them on that basis.

**BOEM Awards An Offshore Wind Lease to the Predecessor of
Vineyard Wind LLC Based on "Smart From The Start"**

63.     The allegations in this paragraph purport to characterize BOEM's award of Lease OCS-A-0501, which speaks for itself and is the best evidence of its content.

64.     Vineyard Wind admits the allegations in this paragraph.

65.     Vineyard Wind denies the allegations in this paragraph.

66.     Vineyard Wind admits that Offshore MW LLC was later renamed Vineyard Wind LLC but otherwise denies the allegations in this paragraph.

67.     The allegations in this paragraph are vague and Vineyard Wind denies them on that basis.

68.     Vineyard Wind denies the allegations in this paragraph.

69.     Vineyard Wind admits that BOEM completed an Environmental Assessment and not an Environmental Impact Statement ("EIS") prior to awarding Vineyard Wind lease OCS-A 0501. Vineyard Wind avers that BOEM prepared an EIS and complied with NEPA in authorizing the Vineyard Wind project.

70.     The allegations purport to characterize comments BOEM received on a proposed lease sale, which speak for themselves and are the best evidence of their content.

**Vineyard Wind LLC Submits Its Construction and Operations Plan (the "COP")**

71.     Vineyard Wind admits the allegations in this paragraph.

72.     Vineyard Wind denies the allegations in this paragraph.

**BOEM Issues Its Draft Environmental Impact Statement (the "Draft EIS") and Initiates Consultation with NMFS under the ESA, While The United States Army Corps of Engineers (the "Corps of Engineers" or the "Corps") Begins Public Review of Vineyard Wind's Permit Application Under the CWA**

73.     The allegations in this paragraph purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

74.     The allegations in this paragraph purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

75.     The allegations in this paragraph purport to characterize the Draft EIS, which speaks for itself and is the best evidence of its content.

76.     Vineyard Wind admits that BOEM initiated consultation with the National Marine Fisheries Service ("NMFS") pursuant to the requirements of the ESA. The remaining allegations in this paragraph are vague and Vineyard Wind denies them on that basis.

77.     The allegations in this paragraph purport to characterize the Corps' public interest review announcement, which speaks for itself and is the best evidence of its content.

**Vineyard Wind Enters into a Private Contract with Electric Companies to Provide Offshore Wind Energy and Obtains Regulatory Approval from Massachusetts**

78.     Vineyard Wind denies the allegations in this paragraph.

79.     Vineyard Wind admits the allegations in this paragraph.

80.     Vineyard Wind admits that on April 12, 2019, the Massachusetts Department of Public Utilities approved power purchase agreements between distribution companies and Vineyard. Vineyard Wind denies the remaining allegations in this paragraph.

**NMFS Calls "Time Out"**

81.     The allegations in this paragraph purport to characterize a NMFS letter dated April 16, 2019, which speaks for itself and is the best evidence of its content.

82.     The allegations in this paragraph purport to characterize a Vineyard Gazette article, which speaks for itself and is the best evidence of its content.

83.     The allegations in this paragraph purport to characterize a MassLive article, which speaks for itself and is the best evidence of its content.

84.     The allegations in this paragraph purport to characterize a WBUR article, which speaks for itself and is the best evidence of its content.

85.     The allegations in this paragraph purport to characterize a WBUR article, which speaks for itself and is the best evidence of its content.

86.     Vineyard Wind admits the allegations in this paragraph.

**NMFS Bungles Its Consultation Responsibilities**

87.     The allegations in this paragraph purport to characterize NMFS regulations and a Federal Register notice, which speak for themselves and are the best evidence of their content.

88.     Vineyard Wind denies the allegations in the first sentence of this paragraph. The allegations in subparagraphs (a), (b), and (c) purport to characterize the biological opinion and incidental take statement NMFS issued regarding the Vineyard Wind project, which speak for themselves and are the best evidence of their content. The allegations in subparagraph (d) constitute a legal conclusion to which no response is necessary. Vineyard Wind denies that NMFS violated the ESA.

**BOEM Issues Its Supplemental Draft EIS and NMFS Issues its Biological Opinion**

89.     The allegations in this paragraph purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

90.     Vineyard Wind admits the allegations in this paragraph.

91.     The allegations in this paragraph purport to characterize the Supplemental Draft EIS, which speaks for itself and is the best evidence of its content.

92.     Vineyard Wind admits the allegations in this paragraph.

93.     The allegations in this paragraph are vague and Vineyard Wind denies them on that basis.

**Vineyard Wind Terminates Federal Review Of The COP**

94.     Vineyard Wind admits that on December 1, 2020, it provided BOEM written notice that it was temporarily withdrawing the Project COP to conduct final due diligence on the project. Vineyard Wind denies the remaining allegations in this paragraph.

95.     The allegations in this paragraph purport to characterize a Vineyard Wind press release, which speaks for itself and is the best evidence of its content.

96.     Vineyard Wind denies the allegations in this paragraph.

97.     The allegations in this paragraph purport to characterize a General Electric website, which speaks for itself and is the best evidence of its content.

98.     The allegations in this paragraph purport to characterize a General Electric website, which speaks for itself and is the best evidence of its content.

99.     The allegations in this paragraph purport to characterize an ELECTREK article, which speaks for itself and is the best evidence of its content.

100.    Vineyard Wind is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

101.    Vineyard Wind is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

102.    The allegations in the first sentence of this paragraph purport to characterize a Vineyard Wind letter, which speaks for itself and is the best evidence of its content. Vineyard Wind denies the allegations in the second sentence of this paragraph.

103.    The allegations in this paragraph purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

104.    The allegations in this paragraph purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

**BOEM Raises The Vineyard Wind COP From The Dead**

105.    The allegations in this paragraph purport to characterize a Federal Register notice and Vineyard Wind letter, which speak for themselves and are the best evidence of their content.

106.    The allegations in this paragraph purport to characterize a Vineyard Wind letter, which speaks for itself and is the best evidence of its content.

107.    The allegations in this paragraph purport to characterize a Vineyard Wind letter, which speaks for itself and is the best evidence of its content.

108.    The allegations in this paragraph purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

109.    Vineyard Wind denies the allegations in this paragraph.

110.    Vineyard Wind denies the allegations in this paragraph.

**BOEM, NMFS, and the Corps Jointly Issue the Final EIS Under NEPA**

111.    The allegations in this paragraph purport to characterize the Final EIS and a Federal Register notice, which speak for themselves and are the best evidence of their content.

112.    The allegations in this paragraph purport to characterize the Final EIS, which speaks for itself and is the best evidence of its content.

113.    The allegations in this paragraph purport to characterize the Final EIS, which speaks for itself and is the best evidence of its content.

114.    The allegations in this paragraph purport to characterize the Final EIS and a White House press statement, which speak for themselves and are the best evidence of their content.

115.    The allegations in this paragraph purport to characterize the Final EIS and the Smart From The Start program, which speak for themselves and are the best evidence of their content.

116.    The allegations in this paragraph purport to characterize the Final EIS, which speaks for itself and is the best evidence of its content.

117.    Vineyard Wind is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

118.    Vineyard Wind is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

119.    Vineyard Wind denies the allegations in this paragraph.

**BOEM Reinitiates the ESA Consultation Process with NMFS While Simultaneously Issuing its Joint Record of Decision (the "ROD") Under NEPA With NMFS and the Corps of Engineers**

120.    The allegations in this paragraph purport to characterize BOEM's request to NMFS to reinitiate consultation, which speaks for itself and is the best evidence of its content.

121.    The allegations in this paragraph purport to characterize the ROD and a Federal Register notice, which speak for themselves and are the best evidence of their content.

122.    The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

14

123.    The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

124.    Vineyard Wind denies the allegations in this paragraph.

125.    The allegations in this paragraph purport to characterize the ROD and COP, which speak for themselves and are the best evidence of their content. Vineyard Wind denies the COP was terminated, insufficient, or out-of-date.

126.    The allegations in this paragraph purport to characterize the ROD and COP, which speak for themselves and are the best evidence of their content. Vineyard Wind denies the COP was terminated, insufficient, or out-of-date.

127.    The allegations in this paragraph purport to characterize the ROD and COP, which speak for themselves and are the best evidence of their content. Vineyard Wind denies the COP was terminated, insufficient, or out-of-date.

128.    The allegations in this paragraph purport to characterize the ROD and COP, which speak for themselves and are the best evidence of their content. Vineyard Wind denies the COP was terminated, insufficient, or out-of-date.

129.    The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

130.    The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

131.    The allegations in this paragraph purport to characterize an analysis by the Army Corps, which speaks for itself and is the best evidence of its content.

132.    The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

133.    The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

134.    The allegations in this paragraph purport to characterize the ROD and Supplemental Draft EIS, which speak for themselves and are the best evidence of their content.

135.    The allegations in this paragraph purport to characterize the ROD and Supplemental Draft EIS, which speak for themselves and are the best evidence of their content.

136.    The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

137.    The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

138.    The allegations in this paragraph purport to characterize the COP approval letter, which speaks for itself and is the best evidence of its content.

139.    The allegations in this paragraph purport to characterize Plaintiffs' 60-day notice letter, which speaks for itself and is the best evidence of its content.

140.    The allegations in this paragraph purport to characterize the NMFS Biological Opinion, which speaks for itself and is the best evidence of its content.

141.    The allegations in this paragraph are vague and Vineyard Wind denies them on that basis.

## VI. PLAINTIFFS' CLAIMS FOR RELIEF

### OCSLA CLAIMS

#### First Claim for Relief

#### BOEM'S "SMART FROM THE START" POLICY VIOLATES OCSLA

#### (Violation of 43 U.S.C. 1337(p)(4); 5 U.S.C. § 702)

142.     Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

143.     The allegations in this paragraph purport to characterize the OCSLA, which speaks for itself and is the best evidence of its content.

144.     The allegations in this paragraph purport to characterize BOEM regulations, which speak for themselves and are the best evidence of their content.

145.     The allegations in this paragraph purport to characterize OCSLA and BOEM regulations, which speak for themselves and are the best evidence of their content.

146.     Vineyard Wind denies the allegations in this paragraph.

147.     The allegations in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.

148.     Vineyard Wind denies the allegations in this paragraph.

**Second Claim for Relief**

**BOEM'S ISSUANCE, PUBLICATION, AND AWARD OF THE VINEYARD WIND LEASE VIOLATES OCLSA [sic] BECAUSE IT APPLIES THE ILLEGITIMATE 'SMART FROM THE START" POLICY TO THE VINEYARD WIND PROJECT**

**(Violation of 43 U.S.C. 1337(p)(4); 5 U.S.C. § 706(2))**

149.     Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

150.     The allegations in this paragraph purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

151.     Vineyard Wind denies that BOEM violated OCSLA in awarding Lease OCS-A-0501. The remainder of the allegations in this paragraph, including Plaintiffs' use of a double negative, are vague and Vineyard Wind denies them on that basis.

152.    Vineyard Wind denies the allegations in this paragraph.

153.    Vineyard Wind denies the allegations in this paragraph.

**Third Claim for Relief**

**BOEM'S APPROVAL OF THE COP VIOLATES OCSLA BECAUSE IT IS THE MOST RECENT APPLICATION OF BOEM'S ILLEGITIMATE "SMART FROM THE START" POLICY**

**(Violation of 43 U.S.C. § 1337(p)(4); 5 U.S.C. § 706(2))**

154.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

155.    Vineyard Wind admits that BOEM approved the COP on July 15, 2021 and denies the remaining allegations in this paragraph as vague.

156.    Vineyard Wind denies the allegations in this paragraph.

157.    The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

158.    Vineyard Wind denies the allegations in this paragraph.

159.    The allegations in this paragraph are vague and Vineyard Wind denies them on that basis.

160.    Vineyard Wind denies the allegations in this paragraph.

**Fourth Claim for Relief**

**BOEM'S DECISION TO RESUME REVIEW OF THE VINEYARD WIND COP AFTER VINEYARD WIND WITHDREW THE COP FROM CONSIDERATION VIOLATES OCSLA AND MULTIPLE FEDERAL REGULATIONS**

**(Violation of 43 U.S.C. § 1337(p)(4); 40 CFR § 1500.2; 30 CFR § 585.626; 5 U.S.C. § 706(2))**

161.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

162.    The allegations in this paragraph purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

163.    The allegations in this paragraph purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

164.    Vineyard Wind avers that it notified BOEM that it was rescinding its request to withdraw the COP on January 22, 2021 and denies the remaining allegations in this paragraph.

165.    The allegations in this paragraph purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

166.    Vineyard Wind denies the allegations in this paragraph.

167.    Vineyard Wind denies the allegations in this paragraph.

168.    Vineyard Wind denies the allegations in this paragraph.

169.    Vineyard Wind denies the allegations in this paragraph.

170.    Vineyard Wind avers that it was not obligated to update the COP following its internal review of the Haliade-X turbine and denies the remaining allegations in this paragraph.

171.    Vineyard Wind denies the allegations in this paragraph.

**Fifth Claim for Relief**

**BOEM'S APPROVAL OF THE VINEYARD WIND CONSTRUCTION AND OPERATIONS PLAN VIOLATES OCSLA IN NUMEROUS OTHER WAYS**

**(Violation of 43 U.S.C. § 1337(p)(4); 43 U.S.C. § 1332(2); 30 CFR § 585.621(b); 5 U.S.C. § 706(2))**

172.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

173.    Vineyard Wind admits that the COP was approved on July 15, 2021 and denies the remaining allegations in this paragraph.

174.    The allegations in the first and second sentences of this paragraph purport to characterize BOEM regulations, which speak for themselves and are the best evidence of their content. Vineyard Wind denies the allegations in the third, fourth, sixth, and seventh sentences of this paragraph. The allegations in the fifth sentence of this paragraph purport to characterize the Supplemental Draft EIS, which speaks for itself and is the best evidence of its content.

175.    The allegations in the first and second sentences of this paragraph purport to characterize OCSLA and BOEM regulations, which speak for themselves and are the best evidence of their content. Vineyard Wind denies the allegations in the third sentence and subparagraphs (a) – (d) of this paragraph.

176.    The allegations in the first and second sentences of this paragraph purport to characterize OCSLA and BOEM regulations, which speak for themselves and are the best evidence of their content. Vineyard Wind denies the allegations in the third sentence of this paragraph.

177.    The allegations in the first and second sentences of this paragraph purport to characterize OCSLA and BOEM regulations, which speak for themselves and are the best evidence of their content. Vineyard Wind denies the allegations in the third sentence of this paragraph. The third sentence of this paragraph purports to characterize a Department of Defense report that speaks for itself and is the best evidence of its content.

178.    The allegations in the first and second sentences of this paragraph purport to characterize OCSLA and BOEM regulations, which speak for themselves and are the best evidence of their content. Vineyard Wind denies the allegations in the third sentence and subparagraphs (a) – (d) of this paragraph.

179.     The allegations in the first sentence of this paragraph purport to characterize OCSLA, which speaks for itself and is the best evidence of its content. The allegations in the second sentence of this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content. Vineyard Wind denies the allegations in the third sentence of this paragraph.

180.     Vineyard Wind denies the allegations in this paragraph.

### *ESA CLAIMS*

**Sixth Claim for Relief**

**THE FEDERAL DEFENDANTS VIOLATED THE ESA BY IGNORING ITS MANDATE TO CONSERVE ENDANGERED AND THREATENED SPECIES**

**(Violation of 16 U.S.C. § 1536(a)(1); 5 U.S.C. § 706(2))**

181.     Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

182.     The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.

183.     The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.

184.     The allegations in this paragraph purport to characterize the ESA and a Supreme Court decision, which speak for themselves and are the best evidence of their content.

185.     The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.

186.     Vineyard Wind denies the allegations in this paragraph.

187.     Vineyard Wind denies the allegations in this paragraph.

**Seventh Claim for Relief**

**DEFENDANTS BOEM AND NMFS FOLLOWED UNLAWFUL REGULATORY STANDARDS THAT TAINTED THE VINEYARD WIND ESA CONSULTATION PROCESS**

**(Violation of 16 U.S.C. § 1536(a)(1); 5 U.S.C. § 706(2))**

188.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

189.    The allegations in this paragraph purport to characterize NMFS regulations, which speak for themselves and are the best evidence of their content.

190.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is appropriate, Vineyard Wind denies the allegations in this paragraph.

191.    Vineyard Wind denies the allegations in this paragraph.

192.    Vineyard Wind denies the allegations in this paragraph.

**Eighth Claim for Relief**

**BOEM, NMFS, AND THE ARMY CORPS OF ENGINEERS VIOLATED THE ESA BY FAILING TO SEEK AN EXEMPTION FOR THE VINEYARD WIND PROJECT**

**(Violation of 16 U.S.C. § 1536(a)(2); 5 U.S.C. § 706(2))**

193.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

194.    The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.

195.    Vineyard Wind admits that BOEM, NMFS, and the Corps did not seek an exemption from the Committee and denies all remaining allegations in this paragraph.

196.    Vineyard Wind denies the allegations in this paragraph.

**Ninth Claim for Relief**

**NMFS VIOLATED FEDERAL LAW BY FAILING TO CONSIDER THE CUMULATIVE EFFECTS OF THE VINEYARD WIND PROJECT**

**(Violation of 50 C.F.R. § 402.14(g)(4); 5 U.S.C. § 706(2))**

197.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

198.    The allegations in this paragraph purport to characterize ESA regulations, which speak for themselves and are the best evidence of their content.

199.    Vineyard Wind denies the allegations in this paragraph.

200.    Vineyard Wind denies the allegations in this paragraph.

**Tenth Claim for Relief**

**NMFS VIOLATED FEDERAL LAW BY FAILING TO INFORM BOEM OF ALTERNATIVES THAT WOULD AVOID HARMING ENDANGERED SPECIES**

**(Violation of 50 C.F.R. § 402.14(g)(5); 5 U.S.C. § 706(2))**

201.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

202.    The allegations in this paragraph purport to characterize ESA regulations, which speak for themselves and are the best evidence of their content.

203.    Vineyard Wind denies the allegations in this paragraph.

204.    Vineyard Wind denies the allegations in this paragraph.

**Eleventh Claim for Relief**

**NMFS VIOLATED THE ESA BY ISSUING A FLAWED BIOLOGICAL OPINION**

**(Violation of 16 U.S.C. § 1536(a)(2); 5 U.S.C. § 706(2))**

205.     Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

206.     The allegations in this paragraph purport to characterize ESA regulations and a D.C. Circuit decision, which speak for themselves and are the best evidence of their content.

207.     The allegations in this paragraph purport to characterize ESA regulations and a district court decision, which speak for themselves and are the best evidence of their content.

208.     Vineyard Wind denies the allegations in this paragraph.

209.     Vineyard Wind denies the allegations in this paragraph.

210.     Vineyard Wind denies the allegations in this paragraph.

**Twelfth Claim for Relief**

**BOEM VIOLATED THE ESA BY RELYING ON NMFS'S FLAWED BIOLOGICAL OPINION**
**(Violation of 50 C.F.R. § 402.14(h); 5 U.S.C. § 706(2))**

211.     Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

212.     The allegations in the first sentence of this paragraph purport to characterize ESA regulations, which speak for themselves and are the best evidence of their content. Vineyard Wind denies the allegations in the second sentence of this paragraph.

213.     Vineyard Wind denies the allegations in this paragraph.

**Thirteenth Claim for Relief**

**BOEM'S FAILURE TO REINITIATE CONSULTATION WITH NMFS AFTER RECEIVING NEW SCIENTIFIC STUDIES VIOLATED FEDERAL LAW**

**(Violation of 50 C.F.R. § 402.14, 402.16; 5 U.S.C. § 706(2))**

214.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

215.    Vineyard Wind denies the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph and subparagraphs (a) – (d) purport to characterize the Final EIS, which speaks for itself and is the best evidence of its content.

216.    The allegations in this paragraph purport to characterize ESA regulations, which speak for themselves and are the best evidence of their content.

217.    Vineyard Wind denies the allegations in this paragraph.

218.    Vineyard Wind denies the allegations in this paragraph.

**Fourteenth Claim for Relief**

**BOEM VIOLATED ITS OWN ESA REGULATIONS BY FAILING TO REINITIATE CONSULTATION AFTER VINEYARD WIND SELECTED PROTOTYPE WIND TURBINES**

**(Violation of 50 C.F.R. § 402.14, § 402.16; 5 U.S.C. § 706(2))**

219.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

220.    Vineyard Wind denies the allegations in this paragraph.

221.    Vineyard Wind denies the allegations in this paragraph.

222.    The allegations in this paragraph purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

223.    The allegations in this paragraph purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

224.    Regarding the allegations in the first sentence, Vineyard Wind avers that it rescinded its temporary withdrawal request on January 22, 2021 and denies the remaining allegations. Vineyard Wind denies the allegations in the second sentence of this paragraph.

225.    Vineyard Wind denies the allegations in this paragraph.

226.    Vineyard Wind denies the allegations in this paragraph.

**Fifteenth Claim for Relief**

**BOEM VIOLATED THE ESA AND ITS ATTENDANT REGULATIONS BY FAILING TO CONSIDER THE IMPACT OF LIKELY CATASTROPHIC WEATHER EVENTS**

**(Violation of 16 U.S.C. § 1536(a)(2); 5 U.S.C. § 706(2))**

227.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

228.    The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.

229.    Vineyard Wind admits that prior to December 2020 it selected the GE Haliade-X turbine. Vineyard Wind denies the remaining allegations in this paragraph.

230.    The allegations in this paragraph purport to characterize the Draft EIS, which speaks for itself and is the best evidence of its content.

231.    The allegations in this paragraph purport to characterize the Final EIS, which speaks for itself and is the best evidence of its content.

232.    Vineyard Wind denies the allegations in this paragraph.

233.    Vineyard Wind denies the allegations in this paragraph.

234.    Vineyard Wind denies the allegations in this paragraph.

**Sixteenth Claim for Relief**

**BOEM VIOLATED THE ESA BY FAILING TO REOPEN THE EIS AND ROD TO ADDRESS NMFS'S REVISED BIOLOGICAL OPINION AFTER BOEM APPROVED THE COP**

**(Violation of 50 C.F.R. § 402.14(h); 5 U.S.C. § 706(2))**

235.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

236.    The allegations in this paragraph purport to characterize the October 18, 2021 Biological Opinion, which speaks for itself and is the best evidence of its content.

237.    The allegations in this paragraph are vague and Vineyard Wind denies them on that basis.

238.    Vineyard Wind admits that BOEM has not rescinded the COP approval and denies the remaining allegations as vague.

239.    Vineyard Wind avers that in-water construction authorized by BOEM is not authorized until June 2022. The remaining allegations in this paragraph are vague and Vineyard denies them on that basis.

240.    The allegations in the first sentence of this paragraph purport to characterize ESA regulations, which speak for themselves and are the best evidence of their content. Vineyard Wind denies the allegations in the second sentence of this paragraph.

*CWA CLAIMS*

**Seventeenth Claim for Relief**

**THE CORPS OF ENGINEERS VIOLATED THE CLEAN WATER ACT BY FAILING TO REVIEW PRACTICABLE ALTERNATIVES OUTSIDE THE LEASE AREA**

**(Violation of 40 C.F.R. § 230.10(a); 33 C.F.R. § 320.4(a)(1); 5 U.S.C. § 706(2))**

241.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

242.    The allegations in this paragraph purport to characterize the CWA, which speaks for itself and is the best evidence of its content.

243.    The allegations in this paragraph purport to characterize CWA regulations, which speak for themselves and are the best evidence of their content.

244.    The allegations in this paragraph purport to characterize CWA regulations, which speak for themselves and are the best evidence of their content.

245.    The allegations in this paragraph purport to characterize CWA regulations, which speak for themselves and are the best evidence of their content.

246.    The allegations in the first sentence of this paragraph purport to characterize the Corps' analysis of the project, which speaks for itself and is the best evidence of its content. Vineyard Wind denies the allegations in the second sentence of this paragraph.

247.    Vineyard Wind denies the allegations in this paragraph.

**Eighteenth Claim for Relief**

**THE CORPS VIOLATED THE CLEAN WATER ACT AND ITS REGULATIONS BY ERRONEOUSLY FINDING THAT THE PROJECT WOULD NOT DISCHARGE INTO A SPECIAL AQUATIC SITE**

**(Violation of 33 C.F.R. § 320.4(a)(1), 40 C.F.R. § 230.10(a)(3); 5 U.S.C. § 706(2))**

248.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

249.    The allegations in this paragraph purport to characterize CWA regulations, which speak for themselves and are the best evidence of their content.

250.    The allegations in this paragraph purport to characterize CWA regulations, which speak for themselves and are the best evidence of their content.

251.    Vineyard Wind denies the allegations in this paragraph.

252.    Vineyard Wind denies the allegations in this paragraph.

**Nineteenth Claim for Relief**

**THE CORPS OF ENGINEERS VIOLATED FEDERAL REGULATIONS BY FAILING TO DEMONSTRATE THAT THE VINEYARD WIND PROJECT DISCHARGES WILL NOT UNACCEPTABLY IMPACT THE ECOSYSTEM**

**(Violation of 40 C.F.R. § 230.1(c); 5 U.S.C. § 706(2))**

253.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

254.    The allegations in this paragraph purport to characterize CWA regulations, which speak for themselves and are the best evidence of their content.

255.    Vineyard Wind denies the allegations in this paragraph.

256.    Vineyard Wind denies the allegations in this paragraph.

**Twentieth Claim for Relief**

**IN VIOLATION OF ITS OWN REGULATIONS, THE CORPS FAILED TO CONSIDER THE PUBLIC INTEREST WHEN REVIEWING THE VINEYARD WIND PROJECT**

**(Violation of 33 C.F.R. § 320.4(a)(1); 5 U.S.C. § 706(2))**

257.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

258.    The allegations in this paragraph purport to characterize Army Corps regulations, which speak for themselves and are the best evidence of their content.

259.    Vineyard Wind denies the allegations in this paragraph.

260.    Vineyard Wind denies the allegations in this paragraph.

261.    Vineyard Wind is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

262.    The allegations in this paragraph are vague and Vineyard Wind denies them on that basis.

263.    Vineyard Wind denies the allegations in this paragraph.

264.    Vineyard Wind denies the allegations in this paragraph.

265.    Vineyard Wind denies the allegations in this paragraph.

*MMPA CLAIMS*

**Twenty-First Claim for Relief**

**NMFS VIOLATED THE MMPA BY ALLOWING THE TAKE AND HARASSMENT OF MARINE MAMMALS WITHOUT PROPER CONSIDERATION**

**(Violation of 16 U.S.C. § 1373(b); 5 U.S.C. § 706(2))**

266.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

30

267.    The allegations in this paragraph purport to characterize the MMPA, which speaks for itself and is the best evidence of its content.

268.    The allegations in this paragraph purport to characterize the Incidental Harassment Authorization ("IHA"), which speaks for itself and is the best evidence of its content.

269.    Vineyard Wind denies the allegations in this paragraph.

270.    Vineyard Wind denies the allegations in this paragraph.

271.    Vineyard Wind denies the allegations in this paragraph.

**Twenty-Second Claim for Relief**

**NMFS VIOLATED THE MMPA BY ALLOWING A TAKING LASTING LONGER THAN ONE (1) YEAR**

**(Violation of 16 U.S.C. § 1371(a)(5)(D)(i); 5 U.S.C. § 706(2))**

272.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

273.    The allegations in this paragraph purport to characterize the MMPA, which speaks for itself and is the best evidence of its content.

274.    Vineyard Wind denies the allegations in this paragraph.

275.    Vineyard Wind denies the allegations in this paragraph.

276.    Vineyard Wind denies the allegations in this paragraph.

*NEPA CLAIMS*

**Twenty-Third Claim for Relief**

**BOEM, THE CORPS, AND NMFS VIOLATED NEPA BY DEFINING THE PURPOSE OF THE ACTION IN CONNECTION WITH THE VINEYARD WIND COP TOO NARROWLY**

**(Violation of 42 U.S.C. § 4331(b)–(c); 5 U.S.C. § 706(2))**

277.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

278.    The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

279.    The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

280.    Vineyard Wind denies the allegations in this paragraph.

281.    Vineyard Wind denies the allegations in this paragraph.

282.    Vineyard Wind denies the allegations in this paragraph.

283.    Vineyard Wind denies the allegations in this paragraph.

284.    Vineyard Wind denies the allegations in this paragraph.

**Twenty-Fourth Claim for Relief**

**BOEM, THE CORPS, AND NMFS VIOLATED NEPA BY FAILING TO PROPERLY CONSIDER A REASONABLE RANGE OF ALTERNATIVES TO THE COP**

**(Violation of 40 C.F.R. 1500.2(e) and 40 C.F.R. § 1502.14(a); 5 U.S.C. § 706(2))**

285.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

286.    The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

287.    The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

288.    Vineyard Wind denies the allegations in this paragraph.

289.    Vineyard Wind denies the allegations in this paragraph.

290.    Vineyard Wind denies the allegations in this paragraph.

291.    Vineyard Wind denies the allegations in this paragraph.

292.    Vineyard Wind denies the allegations in this paragraph.

293.    Vineyard Wind denies the allegations in this paragraph.

**Twenty-Fifth Claim for Relief**

**BOEM, THE CORPS, AND NMFS VIOLATED NEPA BY FAILING TO COMPLY WITH REQUIREMENTS FOR ANALYZING CUMULATIVE IMPACTS**

**(Violation of 40 C.F.R. § 1508.7; 5 U.S.C. § 706(2))**

294.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

295.    The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

296.    Vineyard Wind denies the allegations in this paragraph.

297.    Vineyard Wind denies the allegations in this paragraph.

298.    Vineyard Wind denies the allegations in this paragraph.

**Twenty-Sixth Claim for Relief**

**BOEM, THE CORPS, AND NMFS FAILED TO COMPLY WITH RELEVANT NEPA IMPLEMENTING REGULATIONS**

**(Violation of 40 C.F.R. § 1502.22; 5 U.S.C. § 706(2))**

299.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

300.    The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

301.    Vineyard Wind denies the allegations in this paragraph.

302.    Vineyard Wind denies the allegations in this paragraph.

**Twenty-Seventh Claim for Relief**

**BOEM IMPERMISSIBLY LIMITED THE SCOPE OF THE EIS TO THE VINEYARD WIND PROJECT AREA**

**(Violation of 40 C.F.R. § 1508.25(a)(1)(iii); 5 U.S.C. 706(2))**

303.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

304.    The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

305.    The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

306.    Vineyard Wind denies the allegations in this paragraph.

307.    Vineyard Wind denies the allegations in this paragraph.

308.    Vineyard Wind denies the allegations in this paragraph.

309.    Vineyard Wind denies the allegations in this paragraph.

**Twenty-Eighth Claim for Relief**

**BOEM, THE CORPS, AND NMFS VIOLATED NEPA BY FAILING TO MAKE DILIGENT EFFORTS TO INVOLVE THE PUBLIC**

**(Violation of 40 C.F.R. § 1506.6; 5 U.S.C. § 706(2))**

310.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

311.    The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

312.    Vineyard Wind denies the allegations in this paragraph.

313.    Vineyard Wind denies the allegations in this paragraph.

314.    Vineyard Wind denies the allegations in this paragraph.

315.    Vineyard Wind denies the allegations in this paragraph.

316.    Vineyard Wind denies the allegations in this paragraph.

317.    Vineyard Wind denies the allegations in this paragraph.

**Twenty-Ninth Claim for Relief**

**THE DEFENDANTS VIOLATED NEPA BY FAILING TO ADEQUATELY EXPLAIN WHY CERTAIN COMMENTS DO NOT WARRANT A FURTHER RESPONSE**

**(Violation of 40 C.F.R. § 1503.4(a)(5); 5 U.S.C. § 706(2))**

318.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

319.    The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

320.    The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

321.    Vineyard Wind denies the allegations in this paragraph.

322.    Vineyard Wind denies the allegations in this paragraph.

**Thirtieth Claim for Relief**

**THE DEFENDANTS VIOLATED NEPA BY FAILING TO ATTACH SUBSTANTIVE COMMENTS TO THE FINAL STATEMENT**

**(Violation of 40 C.F.R. § 1503.4(b); 5 U.S.C. § 706(2))**

323.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

324.    The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

325.    Vineyard Wind denies the allegations in this paragraph.

326.    Vineyard Wind denies the allegations in this paragraph.

**Thirty-First Claim for Relief**

**THE DEFENDANTS VIOLATED NEPA AND THE APA BY FAILING TO PREPARE AN EIS PRIOR TO ISSUING THE VINEYARD WIND LEASE**

**(Violation of 40 C.F.R. § 1501.3, 40 C.F.R. § 1502.14; 5 U.S.C. § 706(2))**

327.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

328.    The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

329.    The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

330.    The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

331.    The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

332.    Vineyard Wind admits that BOEM completed an Environmental Assessment and not an EIS prior to awarding Vineyard Wind lease OCS-A 0501. Vineyard Wind avers that BOEM prepared an EIS and complied with NEPA in authorizing the Vineyard Wind project.

333.    Vineyard Wind denies the allegations in this paragraph.

334.    Vineyard Wind denies the allegations in this paragraph.

335.    The allegations in this paragraph are vague and Vineyard Wind denies them on that basis.

336.    Vineyard Wind denies the allegations in this paragraph.

337.    Vineyard Wind denies the allegations in this paragraph.

**Thirty-Second Claim for Relief**

**BOEM VIOLATED NEPA BY SEGMENTING ITS NEPA ANALYSIS**

**(Violation of 40 C.F.R. § 1508.25; 5 U.S.C. § 706(2))**

338.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing paragraphs of the Complaint as if fully set forth herein.

339.    The allegations in this paragraph purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their content.

340.    Vineyard Wind denies the allegations in this paragraph.

341.    Vineyard Wind denies the allegations in this paragraph.

342.    Vineyard Wind denies the allegations in this paragraph.

**Thirty-Third Claim for Relief**

**THE DEFENDANTS VIOLATED NEPA BY USING OUTDATED NEPA
REGULATIONS TO DEMONSTRATE CURRENT COMPLIANCE**

**(5 U.S.C. § 706(2))**

343.    Vineyard Wind incorporates by reference its foregoing answers to all foregoing
paragraphs of the Complaint as if fully set forth herein.

344.    The allegations in this paragraph purport to characterize the ROD, which speaks
for itself and is the best evidence of its content.

345.    Vineyard Wind admits the allegations in this paragraph.

346.    The allegations in this paragraph are vague and Vineyard Wind denies them on
that basis.

347.    Vineyard Wind denies the allegations in this paragraph.

**VII.    PLAINTIFFS' PRAYERS FOR RELIEF**

The remainder of the Complaint constitutes Plaintiffs' request for relief. Vineyard Wind
denies that Plaintiffs are entitled to the relief requested or any relief.

**GENERAL DENIAL**

Vineyard Wind denies any allegations of the Complaint that are not specifically admitted
above.

**AFFIRMATIVE AND OTHER DEFENSES**

By alleging the following separate defenses, Vineyard Wind is not, in any way, agreeing
or conceding that it has the burden of proof or the burden of persuasion as to any listed defense.
Vineyard Wind asserts the following defenses to the claims made in the Complaint:

1.    Plaintiffs Long Island Commercial Fishing Association and XIII Northeast Fisheries
      Sector lack Article III standing to sue on behalf of its members because the allegations

of potential harm to their members are conclusory, vague, and speculative and insufficient to confer associational standing.

2.    Plaintiffs Long Island Commercial Fishing Association and XIII Northeast Fisheries Sector lack Article III standing to sue in their own right as the allegations of potential harm to them are conclusory, vague, and speculative.

3.    Plaintiffs cannot satisfy prudential standing requirements to pursue a claim under the Administrative Procedure Act because they are not within the zone of interests under NEPA, ESA, MMPA, or CWA.

4.    Plaintiffs' unclean hands make injunctive relief unavailable to them with respect to claims related to the North Atlantic Right Whale as entanglement in commercial fishing gear is the leading cause of death and injury to North Atlantic Right Whales.

5.    Plaintiffs failed to satisfy the jurisdictional prerequisite under the ESA to provide 60-days' notice prior to raising challenges to the October 18, 2021 Biological Opinion.

6.    Plaintiffs cannot satisfy Article III standing because the allegations of potential harm to their interests in the plants and animal life, including the North Atlantic Right Whale, and alleged impacts to commercial fishing are conclusory, vague, and speculative, and insufficient to establish a cognizable injury-in-fact.

7.    Plaintiffs cannot satisfy Article III standing with respect to Defendant BOEM's issuance of the lease because Plaintiffs have not alleged how the mere issuance of a lease establishes an injury-in-fact.

8.    Plaintiffs cannot satisfy Article III standing with respect to Defendant BOEM's "Smart from the Start" policy because Plaintiffs have not alleged how the policy caused an injury-in-fact.

9.  Plaintiffs cannot satisfy Article III standing as they failed to allege how BOEM's use of NEPA regulations in effect prior to September 14, 2020 caused an injury-in-fact.

10. Plaintiffs cannot satisfy Article III standing by pleading generalized grievances such as alleged harms to national security, scientific research, and "potential vulnerabilities to the electrical grid."

11. Plaintiffs have waived claims related to the "Smart from the Start" policy, the Marine Mammal Protection Act, and the Clean Water Act under the Administrative Procedure Act.

12. Plaintiffs have failed to exhaust administrative remedies for claims related to the Army Corps of Engineers' permit (e.g., Seventeenth through Twentieth Claims for Relief, ¶¶ 241-65).

13. The Complaint fails to state claims upon which relief may be granted.

14. This Court also lacks jurisdiction over Plaintiffs' claims challenging the award of Lease OCS-A-0501 (e.g., Second Claim for Relief, ¶¶ 149-53) because statutes of limitations (e.g., 28 U.S.C. §§ 1658, 2401) bar such claims.

15. Plaintiffs may not obtain any award of damages because none of the statutes they rely upon provide for private rights of action for monetary damages.


WHEREFORE, Vineyard Wind requests that the Court dismiss with prejudice the Complaint in its entirety, render judgment for Defendants, and grant Defendants any further relief that the nature of the case and justice may require.


DATED this 28th day of December 2021.

40

Respectfully submitted,

\_\_/s/ David T. Buente_____
David T. Buente (Bar No. 429503)
Peter C. Whitfield (Bar No. 984225)
Joseph T. Zaleski (Bar No. 1615192)

Sidley Austin LLP
1501 K St. N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (facsimile)

*Counsel for Vineyard Wind 1 LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 28th day of December 2021, a true and complete copy of the foregoing has been filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, and served on Plaintiffs' and Defendants' counsel of record via the Court's electronic filing system.


Dated:  December 28, 2021                          /s/ David T. Buente
                                                   David T. Buente

42