# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SEAFREEZE SHORESIDE, INC., *et al.*, | Civil Action No. 1:21-cv-03276-CRC |
| Plaintiffs, | Hon. Christopher R. Cooper |
| v. | **FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| THE UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | |
| Federal Defendants, | |
| and | |
| VINEYARD WIND 1, LLC, | |
| Intervenor-Defendant. | |

Pursuant to Federal Rules of Civil Procedure 8 and 12, Federal Defendants the United States Bureau of Ocean Energy Management, *et al.* respond to the allegations in Plaintiffs Seafreeze, Inc., *et al.*'s Complaint (ECF No. 1) at set forth below.

## RESPONSES TO COMPLAINT ALLEGATIONS

The paragraph numbers, headings, and subheadings in this Answer correspond to the paragraph numbers, headings, and subheadings in Plaintiffs' Complaint. Any allegation not specifically admitted, denied, or qualified is denied. Federal Defendants do not specifically respond to the section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, Federal Defendants deny those allegations.

## I.      INTRODUCTION

1.      The allegations in Paragraph 1 are characterizations of Plaintiffs' claims in this case to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

2.      Federal Defendants deny the allegations in Paragraph 2.

3.      Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 3, and therefore they are denied.  The allegations in the third sentence of Paragraph 3 characterize the Record of Decision ("ROD") for the Vineyard Wind Project, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced ROD, they are denied.  The allegations in Paragraph 3 are characterizations of Plaintiffs' claims in this case to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

4.      Federal Defendants deny the allegations in Paragraph 4.

5.      Federal Defendants deny the allegations in Paragraph 5.

## II.     PARTIES

**A.      Plaintiffs**

6.      Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore they are denied.

7.      Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore they are denied.

8.      Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore they are denied.

9.      Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore they are denied.

10.      Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore they are denied.

11.      Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore they are denied.

**B.      Federal Defendants**

12.      Federal Defendants admit the allegations in Paragraph 12.

13.      Federal Defendants admit the allegations in Paragraph 13.

14.      Federal Defendants admit the allegations in Paragraph 14.

15.      Federal Defendants admit the allegations in Paragraph 15.

16.      Federal Defendants deny the allegations in Paragraph 16 and aver that Laura Daniel-Davis is the Principal Deputy Assistant Secretary, Land and Mineral Management, Department of the Interior.

17.      Federal Defendants admit the allegations in Paragraph 17.

18.      Federal Defendants admit the allegations in Paragraph 18.

19.      Federal Defendants deny the allegations in the first sentence of Paragraph 19 and aver that the United States Commission of Fish and Fisheries, founded in 1871, represents the genesis of today's NOAA Fisheries, or National Marine Fisheries Service. In 1970, the newly-renamed National Marine Fisheries Service ("NMFS") was transferred into the National Oceanic and Atmospheric Administration within the Department of Commerce.  With respect to the remaining allegations in Paragraph 19, Federal Defendants aver that NMFS is responsible for the stewardship of the nation's ocean resources and their habitat. Backed by sound science and an

ecosystem-based approach to management, NMFS provides vital services for the nation with regard to: Productive and sustainable fisheries; safe sources of seafood; recovery and conservation of protected resources, and healthy ecosystems.  Under the Marine Mammal Protection Act and the Endangered Species Act, NMFS works to conserve and recover protected marine and anadromous species.

20.     Federal Defendants deny the allegation and aver that Kimberly Damon-Randall is the current Director of NMFS's Office of Protected Resources.  Pursuant to Federal Rule of Civil Procedure 25(d), Kimberly Damon-Randall, in her official capacity as Director of NMFS's Office of Protected Resources, is automatically substituted for Catherine Marzin.

21.     Federal Defendants admit the allegations in Paragraph 21.

22.     Federal Defendants admit the allegations in Paragraph 22.

23.     Defendants admit the allegations in the first sentence of Paragraph 23. Defendants admit that the Corps' missions include serving as combat engineers, overseeing military construction, and constructing civil works projects.  Defendants otherwise deny the allegations in the second sentence of Paragraph 23.  Defendants admit the allegations in the third sentence of Paragraph 23.

24.     Federal Defendants admit the allegations in Paragraph 24.

25.     Federal Defendants admit the allegations in Paragraph 25.

### III.     JURISDICTION AND VENUE

26.     The allegations in Paragraph 26 are characterizations of Plaintiffs' claims in this case to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

27.     The allegations in Paragraph 27 are conclusions of law to which no response is required.

28.     The allegations in the first, second, and fourth sentences of Paragraph 28 characterize a letter and mail receipts, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced documents, they are denied.  The allegations in the third sentence of Paragraph 27 are conclusions of law to which no response is required.

29.     The allegations in Paragraph 29 are conclusions of law to which no response is required.

30.     The allegations in Paragraph 30 are conclusions of law to which no response is required.

31.     The allegations in Paragraph 31 are conclusions of law to which no response is required.  Federal Defendants aver that they have moved to transfer the case to the District of Massachusetts where two cases challenging the same project are pending.

32.     The allegations in Paragraph 32 are conclusions of law to which no response is required.

33.     The allegations in Paragraph 33 are conclusions of law to which no response is required.

34.     The allegations in Paragraph 34 are conclusions of law to which no response is required.

## IV.    LEGAL BACKGROUND

**A.    Outer Continental Shelf Lands Act and Implementing Regulations**

35.    The allegations in Paragraph 35 characterize the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. 1331 *et seq.*, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

36.    The allegations in Paragraph 36 characterize OCSLA, 43 U.S.C. 1337(p)(4), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

37.    The allegations in Paragraph 37 characterize a BOEM policy issued at 76 Fed. Reg. 28,178 (May 16, 2011), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced policy, they are denied.

**B.    Endangered Species Act and Implementing Regulations**

38.    The allegations of Paragraph 38 characterize the Endangered Species Act ("ESA"), 16 U.S.C. 1531, et seq., which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

39.    The allegations of Paragraph 38 characterize the ESA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

40.    The allegations of Paragraph 40 characterize the ESA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

41.     The allegations of Paragraph 41 characterize the ESA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

**C.     Clean Water Act and Implementing Regulations**

42.     The allegations of Paragraph 42 characterize provisions of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311, 1344, 1367, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

43.     The allegations of Paragraph 43 characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

44.     The allegations of Paragraph 43 characterize the CWA and regulations implementing the Corps' Regulatory Program, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

**D.     Marine Mammal Protection Act and Implementing Regulations**

45.     The allegations characterize the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. § 1361 *et seq.*, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

**E.     National Environmental Policy Act and Implementing Regulations**

46.     The allegations in Paragraph 46 characterize the National Environmental Policy Act ("NEPA"), 42 U.S.C. 4321 *et seq.*, the Council on Environmental Quality's ("CEQ") implementing regulations, 40 C.F.R. Pt. 1500, and a court ruling, which speak for themselves are

the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute, regulations, and court ruling, they are denied.

47.     The allegations in Paragraph 47 characterize NEPA and CEQ's implementing regulations, which speak for themselves are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute, regulations, and court rulings they are denied.

48.     The allegations in Paragraph 48 characterize NEPA and CEQ's implementing regulations, which speak for themselves are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

49.     The allegations in Paragraph 49 characterize NEPA and CEQ's implementing regulations, which speak for themselves are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

50.     The allegations in Paragraph 50 characterize NEPA, CEQ's implementing regulations, and a court ruling interpreting NEPA, which speak for themselves are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute, regulations, and court rulings they are denied.

51.     The allegations in Paragraph 51 characterize NEPA and CEQ's implementing regulations, which speak for themselves are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations.

**F.      Administrative Procedure Act**

52.     The allegations in Paragraph 52 characterize provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 704, 706, which speak for themselves are the best

evidence of their content; to the extent the allegations are inconsistent with the referenced statute

they are denied.

## V.   FACTUAL ALLEGATIONS

53.   Federal Defendants admit the allegations that the Smart from the Start initiative

program was initiated on November 23, 2010.  The remaining allegations in Paragraph 53

characterize a press release regarding that program, which speaks for itself and is the best

evidence of its content; to the extent the allegations are inconsistent with the referenced program

and the press release, they are denied.

54.   The allegations in the first sentence of Paragraph 54 characterize the Press

Release cited in Paragraph 53, which speaks for itself and is the best evidence of its content; to

the extent the allegations are inconsistent with the Press Release, they are denied.  The remainder

of Paragraph 54 characterizes 43 U.S.C. § 1337(p)(4), which speaks for itself and is the best

evidence of its content; to the extent the allegations are inconsistent with 43 U.S.C. § 1337(p)(4),

they are denied.

55.   Federal Defendants admit that the Bureau of Ocean Energy Management,

Regulation and Enforcement (now BOEM) amended its regulations by final rule dated May 16,

2011 (76 Fed. Reg. 28178).  The remaining allegations in Paragraph 55 characterize the final

rule, which speaks for itself and is the best evidence of its content; to the extent the allegations

are inconsistent with the final rule, they are denied.

56.   Federal Defendants admit that on February 6, 2012, BOEM published a notice of

intent to prepare an environmental assessment at 77 Fed. Reg. 5830.  The remaining allegations

in Paragraph 56 characterize the notice of intent, which speaks for itself and is the best evidence

of its content; to the extent the allegations are inconsistent with the notice of intent, they are denied.

57.     Federal Defendants admit the allegations that on February 6, 2012, BOEM published a call for information and nominations in the Federal Register.  The remaining allegations in Paragraph 57 characterize the Federal Register notice, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced notice, they are denied.

58.     The allegations in Paragraph 58 characterize a Site Assessment Plan prepared and submitted by Vineyard Wind, LLC, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Site Assessment Plan, they are denied.

59.      The allegations in Paragraph 59 characterize a Site Assessment Plan prepared and submitted by Vineyard Wind, LLC, and which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Site Assessment Plan, they are denied.

60.      The allegations in Paragraph 60 characterize a Site Assessment Plan prepared and submitted by Vineyard Wind, LLC, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Site Assessment Plan, they are denied.

61.     The allegations in the first sentence of Paragraph 61 characterize a Site Assessment Plan prepared and submitted by Vineyard Wind, LLC, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Site Assessment Plan, they are denied.  Defendants admit the allegations in the second sentence of

Paragraph 61 insofar as the Vineyard Wind lease area is located in federal waters but deny the remaining allegations in this sentence.  Defendants deny the allegations in the third sentence of Paragraph 61.

62.     Federal Defendants deny the allegations in Paragraph 62.

63.     Federal Defendants admit the allegations in the first sentence of Paragraph 63.

64.     Federal Defendants admit the allegations in Paragraph 64.

65.     Federal Defendants deny the allegations in Paragraph 65, since Offshore MW LLC alone was qualified and eligible to bid and was awarded Lease OCS-A-0501.

66.     Federal Defendants admit the allegations in Paragraph 66.  Offshore MW LLC changed its name to Vineyard Wind LLC.

67.     Federal Defendants admit that BOEM awarded Lease OCS-A-0501, but deny the remainder of the allegations in Paragraph 67.

68.     Federal Defendants admit the allegations in the first sentence of Paragraph 68. However, the document associated with the hyperlink cited in Paragraph 68 was not found.

69.     Federal Defendants admit the allegations in Paragraph 69 insofar as they concern BOEM's awarding the lease to Vineyard Wind without prior issuance of an EIS, but deny any implied allegations that BOEM was required to issue an EIS prior to lease award.

70.     Federal Defendants admit that BOEM received multiple public comments before issuing the lease.  The remaining allegations in Paragraph 70 characterize the comments receive by BOEM, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced comments, they are denied.

71.     Federal Defendants admit the allegations in Paragraph 71 and aver that Vineyard Wind submitted its COP to BOEM on December 19, 2017.

72.      Federal Defendants deny the allegations in Paragraph 72.

73.      Federal Defendants admit the allegations in Paragraph 73.

74.      Federal Defendants admit the allegations in Paragraph 74.

75.      The allegations in Paragraph 75 characterize the Draft EIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Draft EIS, they are denied.

76.      Federal Defendants deny the allegations in Paragraph 76.

77.      Federal Defendants admit that on December 26, 2018, the Corps issued its public notice of Vineyard Wind's application for permits under Section 10 of the Rivers and Harbors Act of 1899 and Section 404 of the Clean Water Act, and that the public notice's comment period ended on January 28, 2019.  Federal Defendants deny the remaining allegations in Paragraph 77.

78.      Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and therefore they are denied.

79.      Federal Defendants admit the allegations in Paragraph 79 and aver that the public comment period for the Draft EIS closed on February 22, 2019.

80.      Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and therefore they are denied.

81.      Federal Defendants admit that NMFS provided comments to BOEM on its DEIS in March of 2019. Otherwise, the allegations of paragraph 81 characterize NMFS's comment letter which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced comment letter, they are denied.

82.     The allegations of paragraph 82 purport to characterize NMFS's comment letter which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced comment letter, they are denied.

83.     The allegations of paragraph 83 purport to characterize a digital news media article from July 29, 2019, found at https://www.masslive.com/capecod/2019/07/gov charlie-baker-is-in-washington-d-c-to-push-for-the-wind-farm-off-the-coast-of-marthas vineyard.html., which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced article, they are denied.

84.     The allegations of paragraph 84 purport to characterize a digital media article from August 9, 2019, found at https://www.wbur.org/news/2019/08/09/vineyard wind-project-delayed, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced article, they are denied.

85.     The allegations of paragraph 85 purport to characterize a digital media article from August 9, 2019, found at https://www.wbur.org/news/2019/08/09/vineyard wind-project-delayed, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced article, they are denied.

86.     Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 86, and therefore the allegations are denied.

87.     The allegations in paragraph 87 purport to characterize interagency regulations, the final rule for which is published in the Federal Register at 84 Fed. Reg. 44976 (Aug. 27, 2019), which speak for themselves and are the best evidence of its contents; to the extent the allegation are inconsistent with the referenced regulations, they are denied.

88.     Federal Defendants deny the allegations in paragraph 88.

89.    Federal Defendants admit that on June 12, 2020, BOEM published a notice of availability of a Supplemental Draft Environmental Impacts Statement in the Federal Register. The remaining allegations in Paragraph 89 characterize the notice, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced notice, they are denied.

90.    Federal Defendants admit the allegations in Paragraph 90.

91.    The allegations in Paragraph 91 characterize BOEM's Supplemental EIS which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Supplemental Draft EIS, they are denied.

92.    Federal Defendants deny the allegations of paragraph 92 and aver that on September 11, 2020, NMFS issued the first of two Biological Opinions on the effects of the construction, operation, and decommissioning of Vineyard Wind 1.

93.    Federal Defendants admit the allegations in Paragraph 93.

94.    Federal Defendants admit the allegations in Paragraph 94.

95.    The allegations in Paragraph 95 characterize a Vineyard Wind Press Release dated December 14, 2020, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Press Release, they are denied.

96.    Federal Defendants deny the allegations in Paragraph 96.

97.    The allegations in Paragraph 97 characterize a GE website story, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the website story, they are denied.

98.     The allegations in Paragraph 98 characterize a GE Renewable Energy webpage, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the website story, they are denied.

99.     The allegations in Paragraph 99 characterize an ELECTREK website story published October 13, 2021, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the website story, they are denied.

100.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and, therefore, they are denied.

101.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and, therefore, they are denied.

102.    The allegations in the first sentence of Paragraph 102 characterize a Vineyard Wind Press Release dated December 14, 2020, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Press Release, they are denied. Federal Defendants deny the allegations in the second sentence of paragraph 102.

103.    The allegations in Paragraph 103 characterize a BOEM federal register notice published on December 16, 2020, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the notice, they are denied.

104.    The allegations in Paragraph 104 characterize a BOEM federal register notice published on December 16, 2020, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the notice, they are denied.

105.    The allegations in Paragraph 105 characterize BOEM's Notice to Resume the Preparation of a Final Environmental Impact Statement for the Construction and Operations Plan for Vineyard Wind LLC, published in the Federal Register on March 3, 2021, which speaks for

itself and is the best evidence of its content; to the extent the allegations are inconsistent with

BOEM's notice, they are denied.

106.    The allegations in Paragraph 106 characterize Vineyard Wind's letter to BOEM

dated January 22, 2021, which speaks for itself and is the best evidence of its content; to the

extent the allegations are inconsistent with the letter, they are denied.

107.    The allegations in Paragraph 107 characterize Vineyard Wind's letter to BOEM

dated January 22, 2021, which speaks for itself and is the best evidence of its content; to the

extent the allegations are inconsistent with the letter, they are denied.

108.    The allegations in Paragraph 108 characterize BOEM's Notice to Resume the

Preparation of a Final Environmental Impact Statement for the Construction and Operations Plan

for Vineyard Wind LLC, published in the Federal Register on March 3, 2021, which speaks for

itself and is the best evidence of its content; to the extent the allegations are inconsistent with

BOEM's notice, they are denied.

109.    Federal Defendants deny the allegations in Paragraph 109.

110.    Federal Defendants deny the allegations in Paragraph 110.

111.    Federal Defendants admit the allegations in Paragraph 111.

112.    The allegations in Paragraph 112 characterize the Final Environmental Impact

Statement (FEIS) for Vineyard Wind LLC's Proposed Wind Energy Facility Offshore

Massachusetts, which speaks for itself and is the best evidence of its content; to the extent the

allegations are inconsistent with the FEIS, they are denied.

113.    The allegations in Paragraph 113 characterize the FEIS for Vineyard Wind LLC's

Proposed Wind Energy Facility Offshore Massachusetts, which speaks for itself and is the best

evidence of its content; to the extent the allegations are inconsistent with the FEIS, they are denied.

114.    The allegations in Paragraph 114 characterize the FEIS for Vineyard Wind LLC's Proposed Wind Energy Facility Offshore Massachusetts, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the FEIS, they are denied.

115.    Federal Defendants deny the allegations in Paragraph 115.

116.    The allegations in Paragraph 116 characterize the FEIS for Vineyard Wind LLC's Proposed Wind Energy Facility Offshore Massachusetts and an administration fact sheet, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced FEIS and fact sheet, they are denied.

117.    Federal Defendants deny the allegations in Paragraph 117.

118.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and, therefore, they are denied.

119.    Federal Defendants deny the allegations in Paragraph 119.

120.    Federal Defendants admit that BOEM requested reinitiation of consultation with NMFS by letter dated May 7, 2021.  The remainder of the allegations in Paragraph 120 are characterizations of BOEM's letter to NMFS dated May 7, 2021, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with BOEM's letter, they are denied.

121.    The allegations of Paragraph 121 characterize BOEM's Federal Register Notice of Availability of a Joint Record of Decision for the Final Environmental Impact Statement for the Vineyard Wind 1 Offshore Wind Energy Project Construction and Operations Plan and the

ROD, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with these documents, they are denied.

122.    The allegations in Paragraph 122 characterize the ROD, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the ROD, they are denied.

123.    The allegations in Paragraph 123 characterize the ROD, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the ROD, they are denied.

124.    The allegations in Paragraph 124 characterize the ROD, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the ROD, they are denied.

125.    Federal Defendants deny the allegations in Paragraph 125.

126.    Federal Defendants deny the allegations in Paragraph 126.

127.    Federal Defendants deny the allegations in Paragraph 127.

128.    Federal Defendants deny the allegations in Paragraph 128.

129.    Federal Defendants admit that the Corps' decision to issue Vineyard Wind a permit under Section 404 of the Clean Water Act is documented in the ROD, as supplemented on August 6, 2021, and January 14, 2022.

130.    The allegations in Paragraph 130 characterize the ROD, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the ROD, they are denied.  Federal Defendants aver that the Corps supplemented the ROD on August 6, 2021, and January 14, 2022.

131.    Federal Defendants admit the Corps found that it had been determined, through consultation with the U.S. Fish and Wildlife Service and with NMFS that the proposed discharge of dredged or fill material authorized under Section 404 of the Clean Water Act is not likely to jeopardize the continued existence of endangered or threatened species or destroy or adversely modify their critical habitat.  Federal Defendants deny the remaining allegations in Paragraph 131.

132.    Federal Defendants deny the allegations in Paragraph 132.

133.    The allegations in the first sentence of Paragraph 133 characterize the ROD, which speaks for itself and is the best evidence of its contents; to the extent the allegations in the first sentence of Paragraph 133 are inconsistent with the ROD, they are denied.  Federal Defendants deny the allegations in the second sentence of Paragraph 133.

134.    Federal Defendants deny the allegations in the first sentence of Paragraph 134. The allegations in the second sentence of Paragraph 134 characterize the ROD, which speaks for itself and is the best evidence of its contents; to the extent the allegations in the second sentence of Paragraph 134 are inconsistent with the ROD, they are denied.

135.    Federal Defendants deny the allegations in Paragraph 135.

136.    Federal Defendants deny the allegations in Paragraph 136.

137.    Federal Defendants deny the allegations in Paragraph 137.

138.    Federal Defendants admit that BOEM's official letter informing Vineyard Wind that the COP was approved was dated July 15, 2021.  The remaining allegations in Paragraph 138 characterize the letter, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced letter, they are denied.

139.    The allegations in Paragraph 139 characterize a notice letter from the Plaintiffs to the Federal Defendants, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced letter, they are denied.

140.    Federal Defendants admit that NMFS issued a letter to BOEM on October 18, 2021.  The remainder of the allegations in Paragraph 140 characterize NMFS' letter, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with NMFS' letter, they are denied.

141.    Federal Defendants admit the allegations in Paragraph 141.

## VI.    PLAINTIFFS' CLAIMS FOR RELIEF

*OCSLA CLAIMS*

### First Claim for Relief

142.    Federal Defendants incorporate by reference Paragraphs 1-141 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

143.    The allegations in paragraph 143 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

144.    The allegations in Paragraph 144 characterize a BOEM policy issued at 76 Fed. Reg. 28,178 (May 16, 2011), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced policy, they are denied.

145.     The allegations in Paragraph 145 characterize OCSLA and BOEM regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

146.    Federal Defendants deny the allegations in Paragraph 146.

147.    The allegations in Paragraph 147 characterize the judicial review provisions of the APA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

148.    Federal Defendants deny the allegations in Paragraph 148.

**Second Claim for Relief**

149.    Federal Defendants incorporate by reference Paragraphs 1-148 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

150.    The allegations in Paragraph 150 characterize a Final Sale Notice published in the Federal Register, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced notice, they are denied.

151.    Federal Defendants deny the allegations in Paragraph 151.

152.    Federal Defendants deny the allegations in Paragraph 152.

153.    Federal Defendants deny the allegations in Paragraph 153.

**Third Claim for Relief**

154.    Federal Defendants incorporate by reference Paragraphs 1-153 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

155.    Federal Defendants deny the allegations in the first clause of Paragraph 155 and admit the allegations in the second clause of Paragraph 155.

156.    The allegations in Paragraph 156 are vague and therefore are denied.

157.    The allegations in Paragraph 157 characterize the ROD, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the ROD, they are denied.

158.    Federal Defendants deny the allegations in Paragraph 158.

159.    Federal Defendants deny the allegations in Paragraph 159.

160.    Federal Defendants deny the allegations in Paragraph 160.

**Fourth Claim for Relief**

161.    Federal Defendants incorporate by reference Paragraphs 1-160 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

162.    The allegations in Paragraph 162 characterize a Federal Register notice, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced notice, they are denied.

163.    The allegations in Paragraph 163 characterize a Federal Register notice, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced notice, they are denied.

164.    Federal Defendants deny the allegations in Paragraph 164.

165.    The allegations in Paragraph 165 characterize a Federal Register notice, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced notice, they are denied.

166.    Federal Defendants deny the allegations in Paragraph 166.

167.    Federal Defendants deny the allegations in Paragraph 167.

168.    Federal Defendants deny the allegations in Paragraph 168.

169.    Federal Defendants deny the allegations in Paragraph 169.

170.    Federal Defendants deny the allegations in Paragraph 170.

171.    Federal Defendants deny the allegations in Paragraph 171.

**Fifth Claim for Relief**

172.    Federal Defendants incorporate by reference Paragraphs 1-171 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

173.    Federal Defendants deny the allegations in the first clause of Paragraph 173 and admit the allegations in the second clause of Paragraph 173.

174.    The allegations in Paragraph 174 characterize OCSLA and BOEM regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

175.    The allegations in the first and second sentences of Paragraph 175 characterize OCSLA and BOEM regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.  Federal Defendants deny the remaining allegations in this paragraph.

176.    The allegations in the first and second sentences of Paragraph 176 characterize OCSLA, BOEM regulations, a fisheries management statute, 16 U.S.C. § 1801, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statutes and regulations, they are denied.  Federal Defendants deny the remaining allegations in this paragraph.

177.    The allegations in the first and second sentences of Paragraph 177 characterize OCSLA and BOEM regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.  Federal Defendants deny the remaining allegations in this paragraph.

178.    The allegations in the first and second sentences of Paragraph 178 characterize OCSLA and BOEM regulations, which speak for themselves and are the best evidence of their

content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.  Federal Defendants deny the remaining allegations in this paragraph.

179.    The allegations in the first and second sentences of Paragraph 179 characterize OCSLA and the ROD, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and ROD, they are denied. Federal Defendants deny the remaining allegations in this paragraph.

180.    Federal Defendants deny the allegations in Paragraph 180.

## ESA CLAIMS

### Sixth Claim for Relief

181.    Federal Defendants incorporate by reference Paragraphs 1-180 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

182.    The allegations in Paragraph 182 characterize the ESA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

183.    The allegations in Paragraph 183 characterize the ESA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

184.    The allegations in Paragraph 184 characterize a court opinion interpreting the ESA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced opinion, they are denied.

185.    The allegations in Paragraph 185 characterize the ESA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

186.    Federal Defendants deny the allegations in Paragraph 186.

187.    Federal Defendants deny the allegations in Paragraph 187.

**Seventh Claim for Relief**

188.    Federal Defendants incorporate by reference Paragraphs 1-187 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

189.    The allegations in Paragraph 189 characterize NMFS regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

190.    The allegations in Paragraph 190 characterize the ESA and a court opinion, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and opinion, they are denied.

191.    Federal Defendants deny the allegations in Paragraph 192.

192.    Federal Defendants deny the allegations in Paragraph 193.

**Eighth Claim for Relief**

193.    Federal Defendants incorporate by reference Paragraphs 1-192 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

194.    The allegations in Paragraph 194 characterize the ESA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

195.    Federal Defendants admit that BOEM, NMFS, and the Army Corps of Engineers did not seek an exemption from the Committee and deny the remaining allegations of Paragraph 195.  Defendants aver that critical habitat of the North American right whale will not be destroyed or adversely modified by the Vineyard Wind Project.

196.    Federal Defendants deny the allegations in Paragraph 196.

**Ninth Claim for Relief**

197.    Federal Defendants incorporate by reference Paragraphs 1-196 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

198.    The allegations in Paragraph 198 characterize NMFS regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

199.    Federal Defendants deny the allegations in Paragraph 199.

200.    Federal Defendants deny the allegations in Paragraph 200.

**Tenth Claim for Relief**

201.    Federal Defendants incorporate by reference Paragraphs 1-200 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

202.    The allegations in Paragraph 202 characterize NMFS regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

203.    Federal Defendants deny the allegations in Paragraph 203.

204.    Federal Defendants deny the allegations in Paragraph 204.

**Eleventh Claim for Relief**

205.    Federal Defendants incorporate by reference Paragraphs 1-204 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

206.    The allegations in Paragraph 206 characterize the ESA and a court opinion, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and opinion, they are denied.

207.     The allegations in Paragraph 207 characterize the ESA and a court opinion, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and opinion, they are denied.

208.     Federal Defendants deny the allegations in Paragraph 208.

209.     Federal Defendants deny the allegations in Paragraph 209.

210.     Federal Defendants deny the allegations in Paragraph 210.

**Twelfth Claim for Relief**

211.     Federal Defendants incorporate by reference Paragraphs 1-210 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

212.     The allegations in the first sentence of Paragraph 212 characterize the ESA and NMFS regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.  Federal Defendants admit the allegations in the first clause of the second sentence of Paragraph 212 and deny the allegations in the remainder of the sentence.

213.     Federal Defendants deny the allegations in Paragraph 213.

**Thirteenth Claim for Relief**

214.     Federal Defendants incorporate by reference Paragraphs 1-213 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

215.     Federal Defendants deny the allegations in Paragraph 215.

216.     The allegations in Paragraph 216 characterize NMFS regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

217.     Federal Defendants deny the allegations in Paragraph 217.  Federal Defendants aver that BOEM requested reinitiation of consultation with NMFS by letter dated May 7, 2021.

218.     Federal Defendants deny the allegations in Paragraph 218.

**Fourteenth Claim for Relief**

219.     Federal Defendants incorporate by reference Paragraphs 1-218 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

220.     Federal Defendants admit that Vineyard Wind made a decision to use 13-14 MW Haliade-X wind turbines in the Vineyard Wind area.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 concerning the timing of Vineyard Wind's decision, and therefore those allegations are denied.  Federal Defendants deny the remaining allegations in Paragraph 220.

221.     Federal Defendants deny the allegations in Paragraph 221.

222.     The allegations in Paragraph 222 characterize a Federal Register notice, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced notice, they are denied.

223.     The allegations in Paragraph 223 characterize a Federal Register notice, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced notice, they are denied.

224.     The allegations in the first sentence of Paragraph 224 characterize a letter, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced letter, they are denied.  Federal Defendants deny the allegations in the second sentence of Paragraph 224.

225.    The allegations in Paragraph 225 are legal conclusions, to which no response is required.  Federal Defendants aver that BOEM requested reinitiation of consultation with NMFS by letter dated May 7, 2021.

226.    Federal Defendants deny the allegations in Paragraph 226.

**Fifteenth Claim for Relief**

227.    Federal Defendants incorporate by reference Paragraphs 1-226 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

228.    The allegations in Paragraph 228 characterize the ESA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

229.    Federal Defendants admit that Vineyard Wind made a decision to use 13-14 MW Haliade-X wind turbines in the Vineyard Wind area.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 229 concerning the timing of Vineyard Wind's decision, and therefore those allegations are denied.  Federal Defendants deny the remaining allegations in Paragraph 229.

230.    The allegations in Paragraph 230 characterize the Final EIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Final EIS, they are denied.

231.    The allegations in Paragraph 231 characterize the Final EIS, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Final EIS, they are denied.

232.    Federal Defendants deny the allegations in Paragraph 232.

233.    Federal Defendants deny the allegations in Paragraph 233.

234.    Federal Defendants deny the allegations in Paragraph 234.

**Sixteenth Claim for Relief**

235.    Federal Defendants incorporate by reference Paragraphs 1-234 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

236.    The allegations in Paragraph 236 characterize NMFS's Biological Opinion issued on October 18, 2021, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced Biological Opinion, they are denied.

237.    Federal Defendants deny the allegations in Paragraph 237.

238.    Federal Defendants deny the allegations in Paragraph 238.

239.    Federal Defendants deny the allegations in Paragraph 239.

240.    The allegations in Paragraph 240 characterize the ESA and NMFS regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

*CWA CLAIMS*

**Seventeenth Claim for Relief**

241.    Federal Defendants incorporate by reference Paragraphs 1-240 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

242.    The allegations in Paragraph 242 characterize the CWA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

243.    The allegations in Paragraph 243 characterize the CWA and regulations implementing the CWA, which speak for themselves and are the best evidence of their content;

to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

244.    The allegations in Paragraph 244 characterize regulations implementing the Corps' Regulatory Program, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

245.    The allegations in Paragraph 245 characterize regulations implementing the Corps' Regulatory Program, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

246.    Federal Defendants deny the allegations in Paragraph 246.

247.    Federal Defendants deny the allegations in Paragraph 247.

## Eighteenth Claim for Relief

248.    Federal Defendants incorporate by reference Paragraphs 1-247 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

249.    The allegations in Paragraph 249 characterize regulations implementing the CWA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

250.    The allegations in Paragraph 250 characterize regulations implementing the CWA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

251.    Federal Defendants deny the allegations in Paragraph 251.

252.    Federal Defendants deny the allegations in Paragraph 252.

**Nineteenth Claim for Relief**

253.    Federal Defendants incorporate by reference Paragraphs 1-252 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

254.    The allegations in Paragraph 254 characterize regulations implementing the CWA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

255.    Federal Defendants deny the allegations in Paragraph 255.

256.    Federal Defendants deny the allegations in Paragraph 256.

**Twentieth Claim for Relief**

257.    Federal Defendants incorporate by reference Paragraphs 1-256 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

258.    The allegations in Paragraph 258 characterize regulations implementing the Corps' Regulatory Program, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

259.    Federal Defendants deny the allegations in Paragraph 259.

260.    Federal Defendants deny the allegations in Paragraph 260.

261.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261, and therefore they are denied.

262.    Federal Defendants admit the allegations in Paragraph 262.

263.    Federal Defendants deny the allegations in Paragraph 263.

264.    Federal Defendants deny the allegations in Paragraph 264.

265.    Federal Defendants deny the allegations in Paragraph 265.

*MMPA CLAIMS*

**Twenty-First Claim for Relief**

266.     Federal Defendants incorporate by reference Paragraphs 1-265 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

267.     The allegations in Paragraph 267 characterize the MMPA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

268.     The allegations contained in Paragraph 268 characterize the contents of the NMFS IHA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced IHA, they are denied.

269.     Federal Defendants deny the allegations in Paragraph 269.

270.     Federal Defendants deny the allegations in Paragraph 270.

271.     Federal Defendants deny the allegations in Paragraph 271.

**Twenty-Second Claim for Relief**

272.     Federal Defendants incorporate by reference Paragraphs 1-271 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

273.     The allegations in Paragraph 273 characterize the MMPA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

274.     Federal Defendants deny the allegations in Paragraph 274.

275.     Federal Defendants deny the allegations in Paragraph 275.

276.     Federal Defendants deny the allegations in Paragraph 276.

*NEPA CLAIMS*

**Twenty-Third Claim for Relief**

277.    Federal Defendants incorporate by reference Paragraphs 1-276 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

278.    The allegations in Paragraph 278 characterize the ROD, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

279.    The allegations in Paragraph 279 characterize the ROD, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

280.    Federal Defendants deny the allegations in Paragraph 280.

281.    Federal Defendants deny the allegations in Paragraph 281.

282.    Federal Defendants deny the allegations in Paragraph 282.

283.    Federal Defendants deny the allegations in Paragraph 283.

284.    Federal Defendants deny the allegations in Paragraph 284.

**Twenty-Fourth Claim for Relief**

285.    Federal Defendants incorporate by reference Paragraphs 1-284 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

286.    The allegations in Paragraph 286 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

287.    The allegations in Paragraph 287 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

288.    Federal Defendants deny the allegations in Paragraph 288.

289.    Federal Defendants deny the allegations in Paragraph 289.

290.    Federal Defendants deny the allegations in Paragraph 290.

291.    Federal Defendants deny the allegations in Paragraph 291.

292.    Federal Defendants deny the allegations in Paragraph 292.

293.    Federal Defendants deny the allegations in Paragraph 293.

**Twenty-Fifth Claim for Relief**

294.    Federal Defendants incorporate by reference Paragraphs 1-293 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

295.    The allegations in Paragraph 295 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

296.    Federal Defendants deny the allegations in Paragraph 296.

297.    Federal Defendants deny the allegations in Paragraph 297.

298.    Federal Defendants deny the allegations in Paragraph 298.

**Twenty-Sixth Claim for Relief**

299.    Federal Defendants incorporate by reference Paragraphs 1-299 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

300.    The allegations in Paragraph 300 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

301.    Federal Defendants deny the allegations in Paragraph 301.

302.    Federal Defendants deny the allegations in Paragraph 302.

**Twenty-Seventh Claim for Relief**

303.    Federal Defendants incorporate by reference Paragraphs 1-302 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

304.    The allegations in Paragraph 304 characterize the ROD, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the ROD, they are denied.

305.    The allegations in Paragraph 305 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

306.    Federal Defendants deny the allegations in Paragraph 306.

307.    Federal Defendants deny the allegations in Paragraph 307.

308.    Federal Defendants deny the allegations in Paragraph 308.

309.    Federal Defendants deny the allegations in Paragraph 309.

**Twenty-Eighth Claim for Relief**

310.    Federal Defendants incorporate by reference Paragraphs 1-309 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

311.    The allegations in Paragraph 311 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

312.    Federal Defendants deny the allegations in Paragraph 312.

313.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 313 concerning the Rhode Island Fisheries Advisory Board's ("FAB") negotiation and development of mitigation measures and, therefore, those allegations are denied.

314.    Federal Defendants deny the allegations in Paragraph 314.

315.    Federal Defendants deny the allegations in Paragraph 315.

316.    Federal Defendants deny the allegations in Paragraph 316.

317.    Federal Defendants deny the allegations in Paragraph 317.

**Twenty-Ninth Claim for Relief**

318.    Federal Defendants incorporate by reference Paragraphs 1-317 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

319.    The allegations in Paragraph 319 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

320.    The allegations in Paragraph 320 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

321.    Federal Defendants deny the allegations in Paragraph 321.

322.    Federal Defendants deny the allegations in Paragraph 322.

**Thirtieth Claim for Relief**

323.    Federal Defendants incorporate by reference Paragraphs 1-322 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

324.    The allegations in Paragraph 324 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

325.    Federal Defendants deny the allegations in Paragraph 325.

326.    Federal Defendants deny the allegations in Paragraph 326.

**Thirty-First Claim for Relief**

327.    Federal Defendants incorporate by reference Paragraphs 1-326 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

328.    The allegations in Paragraph 328 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

329.    The allegations in Paragraph 329 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

330.    The allegations in Paragraph 330 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

331.    The allegations in Paragraph 331 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

332.    Federal Defendants deny the allegations in Paragraph 332.

333.    Federal Defendants deny the allegations in Paragraph 333.

334.    The allegations in Paragraph 334 that the project will "harm and disrupt the ocean environment in the short and long term" are vague and therefore are denied.

335.    Federal Defendants deny the allegations in Paragraph 335.

336.    Federal Defendants deny the allegations in Paragraph 336.

337.    Federal Defendants deny the allegations in Paragraph 337.

**Thirty-Second Claim for Relief**

338.    Federal Defendants incorporate by reference Paragraphs 1-337 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

339.    The allegations in Paragraph 339 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

340.    Federal Defendants deny the allegations in Paragraph 340.

341.    Federal Defendants deny the allegations in Paragraph 341.

342.    Federal Defendants deny the allegations in Paragraph 342.

**Thirty-Third Claim for Relief**

343.    Federal Defendants incorporate by reference Paragraphs 1-342 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

344.    The allegations in Paragraph 344 characterize the ROD, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced ROD, they are denied.

345.    Federal Defendants admit the allegations in Paragraph 345.

346.    The allegation in Paragraph 346 is a legal conclusion to which no response is required; to the extent a response may be required, Federal Defendants deny the allegation.

347.    Federal Defendants deny the allegations in Paragraph 347.

## VII.    PLAINTIFFS' RELIEF REQUESTED

The remainder of the allegations in the Complaint constitute Plaintiffs' Prayer for Relief to which no response is required.  To the extent a further response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE AND OTHER DEFENSES

1.    The Court lack jurisdiction over some or all of Plaintiffs' claims.

2.    One of more of Plaintiffs' claims for relief fail to state a claim upon which relief can be granted.

3.    Plaintiffs lack standing to pursue one more of their claims.

4.    One or more of Plaintiffs claims is not ripe.

5.    One or more of Plaintiffs' claims fail for lack of final agency action.

6.    Plaintiffs have failed to exhaust administrative remedies and/or have otherwise waived certain claims.

7.    One or more of Plaintiffs' claims is moot.

WHEREFORE, Federal Defendants requests that the Court dismiss the Complaint in its

entirety, render judgment for Federal Defendants and against Plaintiffs, and grant Federal

Defendants any further relief that the nature of the case and justice require.

Respectfully submitted,

DATED:  March 11, 2022

*Of Counsel:*

Pedro Melendez-Arreaga
Lead Attorney-Advisor
Offshore Renewable Energy Team
Division of Mineral Resources
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW
Washington, D.C. 20240
(202) 513-7759
pedro.melendez-arrea@sol.doi.gov

Matthew J. Harris
Assistant District Counsel
U.S. Army Corps of Engineers
New England District
696 Virginia Road
Concord, MA 01742
 (978) 318-8244
matthew.j.harris@usace.army.mil

Lea Tyhach
Attorney - Advisor
National Oceanic and Atmospheric
Administration
Office of General Counsel
Northeast Section
55 Great Republic Drive
Gloucester, MA 01930
(978) 281-9242
lea.tyhach@noaa.gov

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

PERRY M. ROSEN
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 353-7792
E-mail: perry.rosen@usdoj.gov

MARK ARTHUR BROWN
D.C. Bar No. 470050
Senior Trial Attorney
Wildlife and Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0204
Fax: (202) 305-0275
E-mail: mark.brown@usdoj.gov

*/s/ Luther L. Hajek*
LUTHER L. HAJEK
CO Bar 44303
Trial Attorney
Natural Resources Section
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1376
Fax: (303) 844-1350
E-mail: luke.hajek@usdoj.gov

*Attorneys for Federal Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Notice of Appearance of Luther L. Hajek was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filings to the attorneys of record for Plaintiffs and all other parties, who have registered with the Court's CM/ECF system.

So certified this 11th day of March, 2022 by

*/s/ Luther L. Hajek*
Luther L. Hajek
Counsel for Federal Defendants